

1 Jason Giesy 23702031
2 Federal Correctional Institute 2
Post Office Box 3850
3 Adelanto, California 92301

4 UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
5

6 JASON GIESY,
7           Plaintiff,
v.

Case No. **CV15-06821 DSF(AFMx)**

8 DARLENE MEAD-CEO,
9 CREDIT SYSTEMS INTERNATIONAL INC.,

**COMPLAINT**

10           Defendant.

11 **A.**           **JURISDICTION**

12     1.     This is an action that alleged that this court has federal

13 question jurisdiction over this action pursuant to 28 U.S.C. § 1332

14 because:

15 a.     The plaintiff is an individual residing in and a citizen of the

16 State of California;

17 b.     The defendant is a corporation organized and existing under the

18 laws of the State of Texas with its principle place of business in

19 Dallas, TX.

20 c.     There is a complete diversity of citizenship between the plaintiff

21 and the defendant.

22 **B.**           **DEFINITIONS**

23     2.     The plaintiff, Jason Giesy is a "consumer" as defined by

24 15 U.S.C. § 1692a(3); as "any natural person obligated or allegedly

25 obligated to pay any debt."

26     3.     The defendant, Credit Systems International Inc. is a

27 "debt collector" as defined by 15 U.S.C. § 1692a(6); as "any person who uses

1   instrumentality of interstate commerce or the mails in any business
2   the principle purpose of which is the collection of any debts, or
3   who regularly collects or attempts to collect, directly or indirectly,
4   any debts owed or due or asserted to be owed or due to another."

5   C.                **STATEMENT OF THE CASE**

6          4.   On June 10, 2015 The plaintiff obtained a copy of his
7   credit report from Equifax Information Services, Experian Information
8   Solutions and Trans Union LLC through www.equifax.com which revealed
9   that Credit Systems Inc. ("Defendant") had placed an entry on the
10   plaintiffs credit report communicating that the plaintiff allegedly
11   had an account in default with the defendant in the amount of $223.00.
12   See Exhibit A.

13          5.   The defendant took receipt of the plaintiffs "Consumer's
14   Private Notice of Administrative Remedy" and "Debt Collector
15   Disclosure Statement", Requesting the defendant validate the alleged
16   debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"),
17   15 U.S.C. § 1692g(a) and 1692g(b), through certified mail receipt which
18   is numbered 7008 1830 0004 5034 5165. It should be noted that the
19   defendant received the certified mail on July 6, 2015. See Exhibit B.

20          6.   On July 29, 2015, Credit Systems International, Inc. sent a
21   letter to the plaintiff which stated, "Due to extenuating circumstances,
22   a request is being sent to delete the report issued by our office to the
23   Credit Reporting Agencies (CRA).....". See Exhibit E.

24          7.   On June 30, 2015, The plaintiff sent to Credit Systems
25   International, Inc. a "Debt Collector Disclosure Statement" which asked
26   several questions such as, (1) Name of the Debt Collector, (2) Address
27   of Debt Collector, (12) Did Debt Collector purchase this alleged account

1   from previous debt collectors? **See Exhibit D.**

2       8.      Regardless of the defendant agreeing to discontinue

3   collection efforts due to extenuating circumstances, the plaintiff

4   required verification of assignment of debt, executed contracts, and

5   verifiable evidence that the plaintiff actually owed to Credit Systems

6   International, Inc. which they never responded to as required by the

7   Fair Debt Collection Practices Act ("FDCPA").

8       9.      Black's Law Dictionary Deluxe Ninth Edition defines

9   "Assignment" as the "Transfer of rights or property".

10      10.     Black's Law Dictionary Deluxe Ninth Edition defines

11  "knowingly" as, "Deliberate; Conscious".

12  D.                          <u>CLAIM ONE</u>

13      **11.**     The plaintiff asserts that the defendant violated section

14  15 U.S.C. § 1692e(2)(A) of the Fair Debt Collections Practices Act

15  when the defendant reported to Equifax Information Services, Experian

16  Information Solutions, and Trans Union, LLC that the plaintiff is in

17  default with the defendant in the amount of $223.00 through assignment

18  from the original creditor.

19      12.     Question Nine (9) of the "Debt Collector Disclosure

20  Statement" asks, "Regarding this alleged account, if Debt Collector is

21  different from alleged Original Creditor, Does Debt Collector have a

22  bona fide affidavit of assignment for entering into alleged original

23  contract between alleged Original Creditor and alleged Debtor?" The

24  defendant never responded to this question. **See Exhibit D.**

25      13.     The "CAVEAT" on page 3, Section 4(b)(I) of the "Notice

26  of Administrative Remedy" says, "Debt Collector's failure in providing

27  respondent the requisite verification validating the above referenced

1 alleged debt within the requirements of law.....debt collector tacitly

2 agrees that: (1) Debt Collector has no lawful, bona fide, verifiable

3 claim regarding the above referenced amount." See Exhibit C.

4     14.    Tourgeman v. Collins Fin. Servs 755 F.3d 1119 states the

5 "false representation of the character, amount, or legal status of any

6 debt" is prohibited by the ("FDCPA").

7     15.    The defendant intended to manipulate the plaintiff by

8 falsely representing the alleged debt even though it was never assigned

9 by the original creditor. By not responding, the defendant agrees that

10 there was no lawful, bona fide, verifiable claim against the plaintiff

11 to collect a debt. The defendant never sent any proof of assignment of

12 debt from the original creditor. This was false in representation of the

13 character, amount, and legal status of debt.

14     16.    The plaintiff hereby seeks statutory damages in the amount

15 of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(2)(A)

16 made by the defendant.

17 E.                             **CLAIM TWO**

18     17.    The plaintiff asserts that the defendant violated section

19 15 U.S.C. § 1692e(8) of the Fair Debt Collections Practices Act when

20 the defendant communicated false information concerning the alleged

21 debts which the plaintiff never owed to the defendant. The defendant

22 communicated this information to Equifax  Information Services, Experian

23 Information Solutions and Trans Union LLC which was false.

24     18.    Question Thirty Three (33) of the "Debt Collector

25 Disclosure Statement" asks, "Does there exist verifiable evidence of

26 an exchange of a benefit or detriment between debt collector and alleged

27 debtor?" The defendant never responded to this question. See Exhibit D.

19. The "CAVEAT" on page 3, Section 4(b)(II) of the "Notice of Administrative Remedy" says, "Debt Collector's failure in providing respondent the requisite verification validating the above referenced alleged debt within the requirement of law....debt collector tacitly agrees that: (II) Debt Collector waives all claims against the respondent. See **Exhibit C.**

20 Guerrero v. RJM Acquisitions LLC. 499 F.3d 943 (9th Cir. U.S. App LEXIS 20072) states, "Communicating or threatening to communicate to any persons credit information which is known....to be false."

21. By not responding to the "Debt Collector Disclosure Statement" and the "Consumer's Private Notice of Administrative Remedy", the debt collector agrees that there was never any evidence of an exchange in benefit or detriment between the debt collector and the plaintiff. Credit Systems International, Inc. failed to provide the plaintiff any verification validating the debt and therefor waives all claims against the respondent. The defendant communicated information to all three credit reporting agencies which they knew was false.

22. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(8) made by the defendant.

F.                                    <u>CLAIM THREE</u>

23. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA") when the defendant used false and deceptive means to collect a debt that the original creditor "Kansas Gas Service" had "Written Off".

24. Black's Law Dictionary Deluxe Ninth Edition defines

1  "Write-Off" as, "To transfer the entire balance (of an asset account)

2  to an expense or loss account to reflect the asset's total loss of

3  value."

4      25.    Heathman v. Portfolio Recovery Assocs., LLC, U.S. Dist.

5  LEXIS 27057 (9th Cir. 2013) states, " A debt collector violates

6  [section 1692e(10)] if it' use[s]....a false representation or

7  deceptive means to collect or attempt to collect any debts or to

8  obtain information concerning a consumer' (a debt collectors

9  representation that a debt is owed to it when in fact it is not, amounts

10  to a misrepresentation barred by the "FDCPA".)

11      26.    By communicating false information to Equifax Information

12  Services, Experian Information Solutions, and Trans Union LLC, the

13  defendant attempted to take advantage of an unsophisticated consumer

14  through deceptive means to collect a debt even though it was written off

15  as a total loss by the original creditor.

16      27.    The plaintiff hereby seeks statutory damages in the amount

17  of $1,000.00 for each violation of 15 U.S.C. § 1692e(10) made by the

18  defendant.

19  G.                          **CLAIM FOUR**

20      28.    The plaintiff asserts that the defendant violated section

21  15 U.S.C. 1692e(12) of the Fair Debt Collections Practices Act when

22  the defendant communicated the false representation that the alleged

23  accounts were  turned over to Credit Systems International for value. This

24  was communicated to Equifax Information Services, Experian Information

25  Solutions, and Trans Union LLC.

26      29.    Question nineteen (19) of the "Debt Collector Disclosure

27  Statement" asks, " If the transfer rights regarding this alleged account

1  was by negotiation, was  the alleged account taken for value?" See **Exhibit D.**

2      30.    The "CAVEAT" on page 4, Line Item 7 states, "In the event

3  that the debt collector does not respond to this "NOTICE" within the

4  prescribed time limit for response and there has likewise been no request

5  for extension of time with good cause shown therein, then the debt

6  collector agrees that debt collector has submitted a fraudulent claim

7  against respondent, and respondent can file a law suit for costs, fees,

8  and injuries incurred defending against this fraudulent collection by

9  debt collector regarding the above referenced account." See **Exhibit C.**

10     31.    Fortunato v. Hopp Law Firm, LLC, 2012 U.S. Dis. LEXIS

11  152712 (9th Cir.) states, "Section 1692e(12) prohibits the false

12  representation or implication that accounts have turned over to innocent

13  purchasers for value". When determining whether a misrepresentation

14  in a debt collection has been made, the court must apply the  "least

15  sophisticated debtor" standard. The analysis is objective and "Takes into

16  account whether the "Least sophisticated debtor" would likely be

17  misled by a communication." (quoting Donohue v. Quick Collect Inc.,

18  592 F.3d 1027. 1030 (9th Cir.))

19     32.    By not responding to the "NOTICE" nor showing good cause to

20  file a  reasonable extension to answer the "Consumer's Private Notice

21  of Administrative Remedy" to the plaintiff, the defendant agrees that

22  they submitted a fraudulent claim allowing the plaintiff to file a law

23  suit in court for violating federal law. The alleged debts were not

24  taken for value which the plaintiff was falsely represented.

25     33.    The plaintiff hereby seeks statutory damages in the amount

26  of $1,000.00 for each of the three (3) violations of 15 U.S.C. § 1692e(12)

27  made by the defendant.

H.                              CLAIM FIVE

34.     The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the defendants unconscionable means to attempt to collect alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union LLC that Credit Systems International had obtained legal permission documented by a valid assignment that the plaintiff was now in default with debt owed to the defendant.

35.     Question twenty three (23) of the "Debt Collector Disclosure Statement" asks, "Has Debt Collector provided alleged Debtor with the requisite verification of the alleged debt as required by the Fair Debt Collection Practices Act?".

36.     Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fees, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law."

37.     The plaintiff requested verification of the alleged debt as required by the Fair Debt Collection Practices Act. The defendant attempted to get the plaintiff to pay monies allegedly owed to the defendant when in fact there was no evidence of  assignment nor proof that the debt was owed to Credit Systems International. The defendant used unfair means to collect on a debt they knew was not theirs. The defendant is in direct violation of this section.

I.                                    **DAMAGES**

38.    15 U.S.C. § 1692k-Civil Liability - (a) Amount of Damages -
Except as otherwise prohibited by this section, any debt collector who
fails to comply with any provision of this title [15 U.S.C. §§
1692 et seq.] with respect to any person liable to such person in the
amount equal to the sum of:

(2)(A) in the case of any action by an individual, such additional
damages as the court may allow, but not exceeding $1,000.00

J.                                **REQUESTED RELIEF**

CLAIM ONE:  A violation of 15 U.S.C. § 1692e(2)(A) is $1,000.00 for the
false representation of debt reported to Equifax Information Services,
Experian Information Solutions, and Trans Union, LLC.

**TOTAL DAMAGES:**                        + $3,000.00

CLAIM TWO:  A violation of 15 U.S.C. § 1692e(8) of the ("FDCPA") is
$1,000.00 for submitting false information to each of the three credit
reporting agencies, Equifax Information Services, Experian Information
Solutions, and Trans Union, LLC.

**TOTAL DAMAGES:**                        + $3,000.00

CLAIM THREE: A violation of 15 U.S.C. § 1692e(10) of the ("FDCPA") is
$1,000.00 for the  false communication by the defendant to Equifax
Information Services, Experian Information Solutions, and Trans Union,
LLC.

**TOTAL DAMAGES:**                        + $3,000.00

CLAIM FOUR:A violation of 15 U.S.C. § 1692e(12) of the ("FDCPA") is
$1,000.00 for the false representation by the defendant regarding the
plaintiffs alleged debt reported to Equifax Information Services,
Experian Information Solutions, and Trans Union, LLC.

1  **TOTAL DAMAGES:**                      + $3,000.00

2  **CLAIM FIVE:**A violation of 15 U.S.C. § 1692f(1) of the ("FDCPA") is

3  $1,000.00 for the unconscionable means used by the defendant to attempt

4  to collect on a debt by the plaintiff. This includes reporting to the

5  three major credit reporting agencies Equifax Information Services,

6  Experian Information Solutions, and Trans Union, LLC of the

7  unconscionable means to collect.

8  **TOTAL DAMAGES:**                      + $3,000.00

9      39.    The total amount of damages requested by  the plaintiff is

10          $15,350.00.

11     40.    The $350.00 added is the court cost associated with this action.

12     I Jason Giesy, hereby declare under penalty of perjury in the State

13  of California, that the information stated above and any attachments

14  to this form is true and correct.

15

16

17  DATED: 8-17-15                     BY: _____

18                                          Jason Giesy

19

20

21

22

23

24

25

26

27

# EXHIBIT

# A

A⸴

USE THIS PAGE ↗

**EQUIFAX**

**CREDIT FILE : June 10, 2015**

Confirmation # 5161038858

Please address all future correspondence to:

www.investigate.equifax.com

Equifax Information Services LLC
P.O. Box 105314
Atlanta GA 30348

(866) 238-6559
M - F 9:00am to 5:00pm in your time zone.

**Personal Identification Information** (This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)

Name On File: Jason Giesy
Social Security # XXX-XX-9739    Date of Birth: September 27, 1983
Current Address: 3407 E Sunnybrook Ln, Wichita, KS 67210 Reported: 06/2015
Previous Address(es): 16171 W US Highway 54 Lot 138, Goddard, KS 67052 Reported: 05/2015
141 W Elm St FL 2, Wichita, KS 67203 Reported: 05/2015
9572 SW Eugene Rd, Augusta, KS 67010 Reported: 11/2013
4244 S Hydraulic St Apt 810, Wichita, KS 67216 Reported: 05/2012
605 N Volutsia St, Wichita, KS 67214 Reported: 06/2015
1613 Drollinger St, Wichita, KS 67218 Reported: 02/2011
10026 E Boston St Apt 3, Wichita, KS 67207 Reported: 04/2014
718 E 53rd St S, Wichita, KS 67216 Reported: 06/2015

Formerly Known As: Jason Giesy

**Public Record Information** (This section includes public record items obtained from local, state and federal courts.)

Judgment Filed 12/2010; Sedgwick County District Court; Case or ID # - 10LM01718; Defendant - Giesy JASON; Amount - $575 ; Plaintif - Galt Ventures Inc Speedy Cash; **Address:** 525 N MAIN ST WICHITA, KS 67203-3703 ; (316) 383-7311

Judgment Filed 03/2010; Sedgwick County District Court; Case or ID # - 10LM03149; Defendant - Giesy JASON S; Amount - $603 ; Plaintif - Midland Funding LLC; **Address:** 525 N MAIN ST WICHITA, KS 67203-3703 ; (316) 383-7311

**Collection Agency Information** (This section includes accounts that credit grantors have placed for collection with a collection agency.)

Credit Systems;  Collection Reported 06/2015; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Kansas Gas Service; Amount - $223 ; Status as of 06/2015: Unpaid; Date of 1st Delinquency 09/2010; Balance as of 06/2015 - $223 ; Individual Account; Account # - 104540312; **Address:** PO Box 1088, Arlington TX 76004-1088 ; (817) 640-1093

Procollect Inc;  Collection Reported 05/2015; Assigned 05/2011; Creditor Class - Rental/Leasing; Client - Mt Carmel Village Apartments; Amount - $1,049 ; Status as of 05/2015 - Unpaid; Date of 1st Delinquency 01/2009; Balance as of 05/2015 - $1,049 ; Individual Account; Account # - 7658830041972397; **Address:** 12170 Abrams Rd Ste 100 Dallas TX 75243-4579 ; (214) 341-7788

Central States Recovery;  Collection Reported 08/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Wichita UROLOGY Group PA; Amount - $1,847 ; Status as of 09/2014 08/2013 - Unpaid; Date of 1st Delinquency 02/2013; Balance as of 08/2013 - $1,847 ; Individual Account; Account # - 65008638; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery;  Collection Reported 08/2013; Assigned 06/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $526 ; Status as of 08/2013 - Unpaid; Date of 1st Delinquency 02/2013; Balance as of 08/2013 - $526 ; Individual Account; Account # - 6492588; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery;  Collection Reported 07/2013; Assigned 05/2013; Creditor Class - Medical/Health Care; Client - Kansas IMAGING Consultants; Amount - $248 ; Status as of 07/2013 - Unpaid; Date of 1st Delinquency 02/2013; Balance as of 07/2013 - $248 ; Individual Account; Account # - 6463865; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery;  Collection Reported 09/2011; Assigned 08/2011; Creditor Class - Medical/Health Care; Client - Emergency Services P.A; Amount - $345 ; Status as of 09/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 09/2011 - $345 ; Individual Account; Account # - 5780632; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

Central States Recovery;  Collection Reported 08/2011; Assigned 07/2011; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $81 ; Status as of 08/2011 - Unpaid; Date of 1st Delinquency 02/2011; Balance as of 08/2011 - $81 ; Individual Account; Account # - 5711553; **Address:** 1314 N Main St Hutchinson KS 67501-4002 ; (620) 663-8811

( Continued On Next Page )

5161038858LVW-001960076-3550-239:11-LSC

entral States Recovery; Collection Reported 07/2011; Assigned 10/2010; Creditor Class - Medical/Health Care; Client - Wichita Radiological Group; Amount - $71 ; Status as of 7/2011 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 07/2011 - $71 ; Individual Account; Account # - 5441081; **Address:** 1314 N Main St Hutchinson KS 67501-4002 :: (620) 663-8811

entral States Recovery; Collection Reported 12/2010; Assigned 11/2010; Creditor Class - Medical/Health Care; Client - Emergency Services P A; Amount - $395 ; Status as of 12/2010 - Unpaid; Date of 1st Delinquency 05/2010; Balance as of 12/2010 - $395 ; Individual Account; Account # - 5495863; **Address:** 1314 N Main St Hutchinson KS 67501-4002 : (620) 663-8811

## Credit Account Information

*For your security, the last 4 digits of account number(s) have been replaced by 'I'. (This section includes open and closed accounts reported by credit grantors).*

## Account Column Title Descriptions:

Account Number - The Account number reported by credit grantor
Date Acct. Opened - The Date that the credit grantor opened the account
High Credit - The Highest Amount Charged
Credit Limit - The Highest Amount Permitted
Terms Duration - The Number of Installments or Payments
Terms Frequency - The Scheduled Time Between Payments
Months Reviewed - The Number of Months Reviewed
Activity Designator - The Most Recent Account Activity
Creditor Class - The Type of Company Reporting The Account
Date Reported - Date of Last Reported Update
Balance Amount - The Total Amount Owed as of the Date Reported
Status - Condition of Account When Last Updated by Creditor or Otherwise

Amount Past Due - The Amount Past Due as of the Date Reported
Date of Last Paymnt - The Date of Last Payment
Actual Pay Amt - The Actual Amount of Last Payment
Sched Pay Amt - The Requested Amount of Last Payment
Date of 1st Delinquency - The Date of First Delinquency
Date of Last Acctvty - The Date of the Last Account Activity
Date Maj Delg Rptd - The Date the 1st Major Delinquency Was Reported
Charge Off Amt - The Amount Charged Off by Creditor
Deferred Pay Date - The 1st Payment Due Date for Deferred Loans
Balloon Pay Amt - The Amount of Final (Balloon) Payment
Balloon Pay Date - The Date of Final (Balloon) Payment
Date Closed - The Date the Account was Closed

| Account History | 1 : 30-59 Days Past Due | 5 : 150-179 Days Past Due | J : Voluntary Surrender |
| Status Code | 2 : 60-89 Days Past Due | 6 : 180 or More Days Past Due | K : Repossession |
| Descriptions | 3 : 90-119 Days Past Due | G : Collection Account | L : Charge Off |
|  | 4 : 120-149 Days Past Due | H : Foreclosure | |

**Capital One Bank USA Na**    PO Box 85015 Richmond VA 23285-5015 : (800) 955-7070

| ccount Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Creditor Classification |
| 86236245607* | 06/01/2002 | $296 | $500 |  | Monthly | 99 | Paid and Closed |

| | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Paid | Charge Off Amount | Deferred Pay Start Date | Balloon/Pay Amount | Balloon Pay Date | Date Closed |
| nmts As of  te Reported  3/06/2013 | Balance Amount $0 | 11/2004 | $9 | | | 11/2004 | | | | | | 05/2005 |

tatus - Pays As Agreed; Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;   ADDITIONAL INFORMATION - Account Closed At Consumers equest; Closed or Paid Account/Zero Balance;

# EXHIBIT

# B

B

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CEO: Darlene Mead
Credit Systems  Inc.
1277 Country Club LN
Fort Worth, TX 76112

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( *Printed Name* )      C. Date of Delivery
Jennifer Ray          6/6/15

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        ☐ Yes

2. Article Number
   *(Transfer from service label)*     7008 1830 0004 5034 5165

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

# EXHIBIT

# C

## NOTICE

**DATE:** 06/30/2015

Jason Giesy
**(Consumer)**

CEO:Darlene Mead
Credit Systems International Inc.
**(Debt Collector)**

**Certified Mail Number
#**
**Social Security Number
#** 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
**Alleged Account(s)
#** 104540312

**SUBJECT:** Request for Validation of Debt, and Notice of Reservation of Rights for initiating a Counter Claim against the Debt Collector's official Bond.

### Consumer's Private Notice of Administrative Remedy

The private notice of administrative remedy demand is binding upon every principle agent regarding the subject matter set forth herein above.

Written communication for Validation of alleged debt(s) pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (a)(1).

It has come to my attention after reviewing a copy of my credit report dated 06/10/2015 that your agency has communicated to Equifax, Transunion or Experian that I owe ($) $223.00 to your company. Please note that I consider your demand for money a written communication from a debt collector. I now exercise my rights pursuant to 15 U.S.C. § 1692(a)(1) and request validation of the alleged debt.

I have included with this notice for proof of debt also known as a "DEBT COLLECTION DISCLOSURE STATEMENT" for the legitimate purpose of insuring that your agency's validation is executed in accordance with the laws codified in TITLE 15 U.S.C. § 1692g and must be completed in full by your agency and returned to me within **thirty** days 30

PAGE 1 of 5

of your agency's receipt.

## CAVEAT

1.    I am respectfully providing advance notice to your agency of the civil liabilities under TITLE 15 U.S.C. § 1692 for failure to comply with said provisions of this title [15 USCS§§ 1692 et seq.].

2.    Upon receipt of this NOTICE, The debt collector must cease all collection activity regarding the alleged debt(s) until the respondent is sent the herein requested verification as required by the FAIR DEBT COLLECTION PRACTICES ACT.

3.    If debt collector, such as by commission, omission, and other wise:

> (a) Fails in giving respondent full disclosure regarding the nature and cause of debt collector's claim concerning the herein above referenced alleged debt.

> (b) Makes false representation of the character of herein above referenced alleged debt.

> (c) Makes false representation of the legal status of the herein above referenced alleged debt.

> (d) Makes any threat of action that cannot legally be taken in violation of any applicable law, such as the law at the FAIR DEBT COLLECTION PRACTICES ACT.

Respondent may initiate a counterclaim and claim against the debt collector's bond as well as bonds of any principle agent, and assignee of debt collector whose acts and omissions result in the respondent sustaining any tort injury.

4.    Debt Collector is also hereby given Notice that:

PAGE 2 of 5

DISCLOSURE STATEMENT ATTACHED

      (a) Debt Collector's unsubstantiated demand for payment. A

           a scheme to be delivered by mail may constitute mail fraud

           under the State and Federal Laws. (Debt Collector may wish

           to consult with a competent legal council before

           originating any further communication with respondent)

      (b) Debt Collector's failure in providing respondent the

           requisite Verification, Validating the above referenced

           alleged debt within the requirements of law as coded in the

           **FAIR DEBT COLLECTION PRACTICES ACT** and the corresponding

           laws of each state signifies that debt collector tacitly

           agrees that:

I    Debt Collector has no lawful, bona fide, verifiable claim

     regarding the above referenced alleged account.

II   Debt Collector waives any and all claims against respondent.

III  Debt Collector tacitly agrees that Debt Collector will

     **compensate** respondent for al cost, fees, and expenses

     incurred in defending against this claim and any continued

     fraudulent collection attempts regarding the above referenced

     alleged account.

5.    This is also an attempt for determining the nature and basis

of a case or counterclaim against the debt collector, and any

information contained within debt collector's commission, omission,

and the like will be used for that purpose.

PAGE 3 of 5

THIS IS A NOTICE OF RESERVATION OF RIGHT FOR INITIATING A

COUNTERCLAIM AND FILING A CLAIM AGAINST AN OFFICIAL BOND:

CEO: Darlene Mead
Credit Systems International Incorporated
NAME OF COMPANY OR BOND HOLDER

***CAVEAT***

7.      In the event that the debt collector does not respond to this

"Notice" within the prescribed time limit for reponlle and there has

likewise been no request for extension of time with good cause shown

therein, then the debt collector agrees that debt collector has

submitted a fraudulent claim against respondent, and reespondent can

file a law suit for costs, fees, and injuries incurred defending

against this fraudulent collection by debt collector regarding the

above referenced account.

PAGE 4 of 5

## VERIFICATION AND CERTIFICATION

8.      The undersigned consumer, _Jason Giesy_____ does herein

swear, declare, and affirm that this notice for validation of debt

and reservation of rights that the consumer can competently state the

matter set forth herein, that the contents are true, correct, and

complete. This verification and certification is executed this _30th____

day of _June2015_ .


_____
(Signature of Consumer)

## PROOF OF SERVICE

I declare under penalty of perjury under the State of

California that I personally mailed a    "Notice for Validation of

Debt" (5 Pages) and "Debt Collector's Disclosure Statement" (3 Pages)

to all parties listed below at:

CEO: Darlene Mead
Credit Systems Incorporated

1277 Country Club ln

Fort Worth, TX 76112


On this _30th____ day of _June 2015_____, I certify this to be true,

correct, and complete.


_____
(Signature of Consumer)

**PAGE 5 of 5**

# EXHIBIT

# D

## DEBT COLLECTOR DISCLOSURE STATEMENT
### Re "Offer of Performance"

This statement and the answers contained herein may be used by Respondent, if necessary, in any court of competent jurisdiction.

### Respondent's Private NOTICE Administrative Remedy Demand No. _____

<u>Notice</u>: This Debt Collector Disclosure Statement is not a substitute for, nor the equivalent of, the hereinabove-requested verification of the record, i.e. "*Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition*" (<u>Black's Law Dictionary</u>, Sixth Edition, 1990), re the alleged debt, and must be completed in accordance with the *Fair Debt Collection Practices Act*, 15 USC §1692g, applicable portions of *Truth in Lending* (*Regulation Z*), 12 CFR 226, and demands as cited above in Offer of Performance. Debt Collector must make all required disclosures clearly and conspicuously in writing re the following:

1. Name of Debt Collector: ...........................................................................................................................

2. Address of Debt Collector: .......................................................................................................................

3. Name of alleged Debtor: ...........................................................................................................................

4. Address of alleged Debtor: .......................................................................................................................

5. Alleged Account Number: .........................................................................................................................

6. Alleged debt owed: $.................................................................................................................................

7. Date alleged debt became payable: ..........................................................................................................

8. Re this alleged account, what is the name and address of the alleged Original Creditor, if different from Debt Collector?

   ...............................................................................................................................................................

9. Re this alleged account, if Debt Collector is different from alleged Original Creditor, does Debt Collector have a bona fide affidavit of assignment for entering into alleged original contract between alleged Original Creditor and alleged Debtor? YES   NO

10. Did Debt Collector purchase this alleged account from the alleged Original Creditor?   YES   NO   N/A (Not Applicable)

11. If applicable, date of purchase of this alleged account from alleged Original Creditor, and purchase amount:

    Date: ...................................................... Amount: $.......................................................................

12. Did Debt Collector purchase this alleged account from a previous debt collector?   YES   NO   N/A

13. If applicable, date of purchase of this alleged account from previous debt collector, and purchase amount:

    Date: ...................................................... Amount: $.......................................................................

14. Regarding this alleged account, Debt Collector is currently the:

    (a) Owner; (b) Assignee; (c) Other – explain: ...................................................................................

    ...............................................................................................................................................................

15. What are the terms of the transfer of rights re this alleged account? ...................................................

    ...............................................................................................................................................................

16. If applicable, transfer of rights re this alleged account was executed by the following method:

    (a) Assignment; (b) Negotiation; (c) Novation; (d) Other – explain:..................................................

    ...............................................................................................................................................................

17. If the transfer of rights re this alleged account was by assignment, was there consideration?   YES   NO   N/A

18. What is the nature and cause of the consideration cited in #17 above? ............................................................
..................................................................................................................................................
..................................................................................................................................................

19. If the transfer of rights re this alleged account was by negotiation, was the alleged account taken for value?
YES   NO   N/A

20. What is the nature and cause of any value cited in #19 above? ............................................................
..................................................................................................................................................

21. If the transfer of rights re this alleged account was by novation, was consent given by alleged Debtor?   YES   NO   N/A

22. What is the nature and cause of any consent cited in #21 above?............................................................
..................................................................................................................................................

23. Has Debt Collector provided alleged Debtor with the requisite *verification* of the alleged debt as required by the *Fair Debt Collection Practices Act*?   YES   NO

24. Date said verification cited above in #23 was provided alleged Debtor: ............................................................

25. Was said verification cited above in #23 In the form of a sworn or affirmed oath, affidavit, or deposition?   YES   NO

26. Verification cited above in #23 was provided alleged Debtor in the form of:   OATH   AFFIDAVIT   DEPOSTION

27. Does Debt Collector have knowledge of any claim(s)/defense(s) re this alleged account?   YES   NO

28. What is the nature and cause of any claim(s)/defense(s) re this alleged account? ............................................................

29. Was alleged Debtor sold any products/services by Debt Collector?   YES   NO

30. What is the nature and cause of any products/services cited above in #29? ............................................................
..................................................................................................................................................

31. Does there exist a verifiable, bona fide, original commercial instrument between Debt Collector and alleged Debtor containing alleged Debtor's bona fide signature?   YES   NO

32. What is the nature and cause of any verifiable commercial instrument cited above in #31? ............................................................
..................................................................................................................................................

33. Does there exist verifiable evidence of an exchange of a benefit or detriment between Debt Collector and alleged Debtor?
YES   NO

34. What is the nature and cause of this evidence of an exchange of a benefit or detriment as cited above in #33?
..................................................................................................................................................

35. Does any evidence exist of verifiable external act(s) giving the objective semblance of agreement between Debt Collector and alleged Debtor?   YES   NO

36. What is the nature and cause of any external act(s) giving the objective semblance of agreement from #35 above?
..................................................................................................................................................

37. Have any charge-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

38. Have any insurance claims been made by any creditor or debt collector regarding this alleged account?   YES   NO

39. Have any tax write-offs been made by any creditor or debt collector regarding this alleged account?   YES   NO

40. Have any tax deductions been made by any creditor or debt collector regarding this alleged account?   YES   NO

41. Have any judgments been obtained by any creditor or debt collector regarding this alleged account?   YES   NO

42. At the time the alleged original contract was executed, were all parties apprised of the meaning of the terms and conditions of said alleged original contract?   YES   NO

43. At the time the alleged original contract was executed, were all parties advised of the importance of consulting a licensed legal professional before executing the alleged contract?   YES   NO

44. At the time the alleged original contract was executed, were all parties apprised that said alleged contract was a private credit instrument?   YES   NO

Debt Collector's failure, both intentional and otherwise, in completing/answering points "1" through "44" above and returning this Debt Collector Disclosure Statement, as well as providing Respondent with the requisite *verification* validating the hereinabove-referenced alleged debt, constitutes Debt Collector's tacit agreement that Debt Collector has no verifiable, lawful, bona fide claim re the hereinabove-referenced alleged account, and that Debt Collector tacitly agrees that Debt Collector waives all claims against Respondent and indemnifies and holds Respondent harmless against any and all costs and fees heretofore and hereafter incurred and related re any and all collection attempts involving the hereinabove-referenced alleged account.

<u>Declaration</u>: The Undersigned hereby declares under penalty of perjury of the laws of this State that the statements made in this Debt Collector Disclosure Statement are true and correct in accordance with the Undersigned's best firsthand knowledge and belief.

_____
Date

_____
Printed name of Signatory

_____
Official Title of Signatory

_____
Authorized Signature for Debt Collector

Debt Collector must timely complete and return this Debt Collector Disclosure Statement, along with all required documents referenced in said Debt Collector Disclosure Statement.  Debt Collector's claim will not be considered if any portion of this Debt Collector Disclosure Statement is not completed and timely returned with all required documents, which specifically includes the requisite *verification*, made in accordance with law and codified in the *Fair Debt Collection Practices Act* at 15 USC §1692 et seq., and which states in relevant part: "*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt,*" which includes "*the false representation of the character, or legal status of any debt,*" and "*the threat to take any action that cannot legally be taken,*" all of which are violations of law.  If Debt Collector does not respond as required by law, Debt Collector's claim will not be considered and Debt Collector may be liable for damages for any continued collection efforts, as well as any other injury sustained by Respondent.  Please allow thirty (30) days for processing after Respondent's receipt of Debt Collector's response.

# EXHIBIT

# E

19259107
Reference # 104540312
Kansas Gas Service
Account # 5121855531273185

**CREDIT SYSTEMS INTERNATIONAL, INC.**
Location: 1277 Country Club Ln, Fort Worth, TX 76112
Mail: PO Box 1088, Arlington, TX 76004
Toll Free: 800-316-8064
Local: 817-496-6500
Metro: 817-429-0400



| Principal | $223.44 |

07/29/2015
97

| **TOTAL DUE** ▶ | $223.44 |

Pay by phone (24/7): 800-856-2525                      www.paycsitoday.com          

Re: 605 N Volutsia St

Dear Jason Giesy

Due to extenuating circumstances, a request is being sent to delete the report issued by our office to the Credit Reporting Agencies (CRA). Although at this time we are requesting a deletion, please understand that our client owns the account. The CRAs have requested that the information be sent electronically. Our updates are scheduled to be sent every seven (7) days. In the meantime, if you require verification that the change is in process, a prospective credit grantor can fax a verification request to our office at 817-492-4051. The request must include signed authorization by any individual for which information is being requested. Please retain a copy of this correspondence in your files. Our control of reports to CRAs is limited to reporting initiated by our office.

A $30.00 fee will be charged for returned checks and drafts where allowable by state.
Minimum office hours: Weekdays 8:00 AM – 5:00 PM (except office observed holidays).
This correspondence is from a debt collector.

--------------------------------------------------------------------------------
PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

PO Box 887
Arlington, TX 76004-0887



07/29/2015

19259107
Reference # 104540312
Kansas Gas Service
Account # 5121855531273185

| **TOTAL DUE** ▶ | $223.44 |

Jason Giesy
Federal Correctional Inst #2
PO Box 3850
Adelanto, CA 92301

Credit Systems International, Inc.
PO Box 1088
Arlington, TX 76004



Jason Giesy 237-02-031
Federal Correctional Institute 2
Post Office Box 3250
Adelanio, CA 92301

COM

United states Courthouse
office of the clerk
U.S. courthouse, Room 60 B
Los Angeles, CA 90012

AUG 3 1 2015

WORLD GAMES

* Legal Mail *



Damrosc

LOCAL